23-7611
Padilla-Guaman v. Bondi

BIA
Lazare-Raphael, IJ
A220 592 483/484/506/507

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand twenty-five.

PRESENT:
        JOHN M. WALKER, JR.,
        RAYMOND J. LOHIER, JR.,
        MYRNA PÉREZ,
           *Circuit Judges.*

_____

MARIA MARTINA PADILLA-GUAMAN, D.A.N.P., S.S.N.P., A.D.N.P.,
      *Petitioners*,

      v.                                                                          **23-7611**

                                               NAC

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
      *Respondent.*[*]

_____

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

**FOR PETITIONERS:** Reuben S. Kerben, Kerben Law Firm, P.C., Kew Gardens, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Carl McIntyre, Assistant Director; Brooke M. Maurer, Trial Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Maria Martina Padilla-Guaman and her minor children, all natives and citizens of Ecuador, seek review of a September 29, 2023 decision of the BIA affirming an August 11, 2022 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Maria Martina Padilla-Guaman, et al.*, Nos. A220 592 483/484/506/507 (B.I.A. Sept. 29, 2023), *aff'g* Nos. A220 592 483/484/506/507 (Immig. Ct. N.Y.C. Aug. 11, 2022). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's decision and the BIA's decision "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.

2006). We review adverse credibility determinations "under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's adverse credibility determination.

The IJ reasonably relied on omissions from Padilla-Guaman's written statement and inconsistencies that called into question how the statement was prepared. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully.").

First, her written statement omitted any claims that her attackers referenced her ethnicity or religion or that they continued to threaten and harass her for a year after the second attack. "[I]n general omissions are less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony," but "the probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose." *Hong Fei Gao*, 891 F.3d at 78 (quotation marks omitted). The IJ reasonably found these omissions probative because the omitted facts were material to proving a nexus between the harm suffered and a protected ground, and the continued harassment and threats were relevant to her continued fear of harm. *See* 8 U.S.C. § 1158(b)(1)(B)(i) ("The burden of proof is on the applicant to establish that . . . race, religion, nationality, membership in a particular social

4

group, or political opinion was or will be at least one central reason for persecuting the applicant."); *Paloka v. Holder*, 762 F.3d 191, 196–97 (2d Cir. 2014) ("Whether the requisite nexus exists depends on the views and motives of the persecutor." (quotation marks omitted)); *see also Jian Liang v. Garland*, 10 F.4th 106, 115 (2d Cir. 2021) (upholding adverse credibility determination where written statement omitted allegations that the police looked for him a second time and that he was on a blacklist). The agency reasonably declined to credit Padilla-Guaman's explanations that she could not remember the incidents very well and that it was too upsetting to include detail, particularly as she was able to recall the details at the hearing. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

Second, given Padilla-Guaman's initial testimony that she prepared the Spanish handwritten statement on her own conflicts with her later statements that she could not read or write Spanish well enough to understand her or her husband's statements. The IJ also reasonably relied on this inconsistency regarding the preparation of Padilla-Guaman's written statement. Padilla-Guaman does not

5

dispute this inconsistency, but asserts that it is not material because her written statement and testimony align. But the IJ may rely on any inconsistency, and this one opened the door to an inference that the statement was not Padilla-Guaman's own. *See Xiu Xia Lin*, 534 F.3d at 167.

Finally, the agency reasonably relied on the lack of reliable corroboration of the attacks. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Padilla-Guaman's husband did not mention the attacks, and while her friends did, the IJ reasonably gave diminished weight to the letters from these friends, as the declarants were not available to testify and two of the letters contained identical language. *See Likai Gao*, 968 F.3d at 149 (holding that an "IJ acted within her discretion in according [letters] little weight because the declarants (particularly [the petitioner's] wife) were interested parties and neither was available for cross-examination"); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *Mei Chai Ye v. U.S. Dep't of Just.*, 489 F.3d 517, 524 (2d Cir. 2007) (noting that this

Court "has firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are 'canned'").

In sum, the omissions of material details of the claim, the inconsistency regarding the preparation of her written statement, and the lack of reliable corroboration provide substantial evidence for the adverse credibility determination. *See Likai Gao*, 968 F.3d at 145 n.8; *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive because asylum, withholding of removal, and CAT relief are all based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court